IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DERRICK L. SMITH,

  Plaintiff,            OPINION AND ORDER

 v.                  12-cv-743-wmc

ROBERT DICKMAN, *et al*.,

  Defendants.

---

  Plaintiff Derrick L. Smith has filed this civil action pursuant to 42 U.S.C. § 1983, stemming from his confinement at the Marathon County Jail. He has been granted leave to proceed *in forma pauperis* in this case and he has paid an initial, partial filing fee as required by the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b)(1). Because he is incarcerated, the PLRA also requires the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In addressing any *pro se* litigant's complaint, the court must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this very lenient standard, Smith's request for leave to proceed must be denied and this case will be dismissed for reasons set forth below.

FACTS

For purposes of this order, the court accepts all well-pled allegations as true and assumes the following probative facts.[1]

The plaintiff, Derrick L. Smith, has a lengthy criminal record of convictions from Marathon County, Wisconsin, dating back to at least 1996. Smith turned himself in to the Marathon County Jail on June 5, 2012, after he was charged with several felony offenses in Marathon County Case No. 2012CF386.[2] Smith was also charged with violating the terms of his supervised release from a previous sentence of imprisonment. Following the revocation of his parole and return to state prison in October 2012, Smith was transferred from the Marathon County Jail to the Dodge Correctional Institution ("DCI") of the Wisconsin Department of Corrections ("WDOC"). In February 2013, Smith was assigned to the Columbia Correctional Institution ("CCI"). On August 6, 2013, Smith was released from state prison on extended supervision. Because a detainer was pending against him from Marathon County, Smith returned to custody at the Marathon County Jail, where he is currently awaiting trial in Case No. 2012CF386.

In this case, Smith has filed suit under 42 U.S.C. § 1983 against Marathon County Jail Administrator Bob Dickman. As in case nos. 12-cv-741 and 12-cv-742 also screened

---

[1] The court has supplemented the sparse allegations in the complaint with dates and procedural information about plaintiff's underlying criminal case from the electronic docket available at Wisconsin Circuit Court Access, http://wcca.wicourts.gov (last visited November 15, 2013). The court draws all other facts from the complaint in this case and several others filed recently by Smith, as well as any exhibits attached to his pleadings. *See* FED. R. CIV. P. 10(c); *see also Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004) (explaining that documents attached to the complaint become part of the pleading, meaning that a court may consider those documents to determine whether plaintiff has stated a valid claim).

[2] Smith has been charged in that case with first-degree sexual assault with a dangerous weapon; substantial battery intending bodily harm; strangulation and suffocation (two counts); false imprisonment; and victim intimidation by use or attempted use of force. *See State v. Derrick L. Smith*, Marathon County Case No. 2012CF386.

today, Smith again alleges that Dickman violated his constitutional rights in general because the law library and the amount of legal supplies available to inmates at the Jail are "grossly inadequate." In addition, Smith sues the defense attorney, Edmond J. Jelinski, who represented him during his parole revocation proceeding in October 2012, alleging that Jelinski was incompetent, disrespectful and unprofessional. Smith maintains that Jelinski's conduct violated his constitutional right to have the effective assistance of counsel. Claiming further that his supervised release was revoked as the result of "legal malpractice," Smith also sues Jelinski's law office and his unidentified insurance carrier.

OPINION

A complaint may be dismissed for failure to state a claim where the plaintiff alleges too little, failing to meet the minimal federal pleading requirements found in Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). While it is not necessary for a plaintiff to plead specific facts, he must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to establish a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007) (citing *Twombly*, 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). On the other hand, a plaintiff may "plead himself out of court" by including allegations which show that he has no valid claim. *Lekas v. Briley*, 405 F.3d 602, 613-14 (7th Cir. 2005) (citations omitted).

To state a valid claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was

deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)). To demonstrate liability under § 1983, a plaintiff must allege sufficient facts showing that an individual personally caused or participated in the alleged constitutional deprivation. *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000); *Walker v. Taylorville Correctional Ctr.*, 129 F.3d 410, 413 (7th Cir. 1997) (noting that "personal involvement" is required to support a claim under § 1983). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Liberally construed, Smith contends that the inadequate law library and lack of supplies at the Marathon County Jail were such that he was denied the right to access to courts when his supervised release was revoked in October 2012. The court need not address this claim here, however, as it was raised and rejected in another case filed by plaintiff in *Smith v. Dickman, et al.*, Case No. 12-cv-742 (W.D. Wis.). It is sufficient to note that Smith has not demonstrated that he was denied the opportunity to litigate a non-frivolous claim or defense as the result of any shortcoming in the law library or the dearth of legal supplies at the Marathon County Jail. *See Christopher v. Harbury*, 536 U.S. 403 (2002); *Lewis v. Casey*, 518 U.S. 343 (1996); *In re Maxy*, 675 F.3d 658 660-61 (7th Cir. 2012) (per curiam) (citing *Casey*, 518 U.S. at 353; *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) ("That right [to access courts] is violated when a prisoner is deprived of such access and suffers actual injury as a result.").

Smith also claims that Jelinski is liable for violating his constitutional right to the effective assistance of counsel, alleging that his parole was revoked due to his attorney's poor performance. To the extent that Smith takes issue with the validity of his parole revocation, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), in light of Smith's admission that he never successfully challenged the result of that proceeding. *See, e.g., Johnson v. Litscher*, 260 F.3d 826, 831 (7th Cir. 2001). Even if *Heck* were inapplicable, Smith's conclusory allegations are insufficient to demonstrate either deficient performance or actual prejudice as a result and do not establish a constitutional violation in this context. *See United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005); *United States v. Limehouse*, 950 F.2d 501, 503 (7th Cir. 1991).

More importantly, neither Jelinski nor his law office, nor even his malpractice insurance carrier, may be sued under 42 U.S.C. § 1983. A lawyer is not a state actor when he performs the traditional function of counsel to a defendant in a criminal case. *See Polk County v. Dodson*, 454 U.S. 312, 318 (1981); *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). Because Smith's federal claim against Jelinski is patently frivolous, he cannot rely on this court's supplemental jurisdiction to entertain a state-law malpractice claim. *See* 28 U.S.C. § 1367; *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974). Likewise, the facts alleged do not demonstrate diversity of citizenship, *see* 28 U.S.C. § 1332, and the pleadings disclose no other basis for federal jurisdiction to hear Smith's proposed malpractice claim.

Because Smith cannot state a viable claim for relief under 42 U.S.C. § 1983 based on the facts outlined in the complaint, any proposed amendment will not cure the defects outlined above. Accordingly, the complaint will be dismissed with prejudice as legally frivolous and for failure to state a federal claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. Plaintiff Derrick L. Smith's request for leave to proceed is DENIED and his complaint is DISMISSED with prejudice as legally frivolous and for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

2. This dismissal will count as a STRIKE for purposes of 28 U.S.C. § 1915(g).

Entered this 22nd day of November, 2013.

        BY THE COURT:

        /s/

        _____
        WILLIAM M. CONLEY
        District Judge